# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## ORLANDO DIVISION



FILED

2011 MAY -2  PM 12: 13

US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

JOHN GLIHA AND/OR JOHN C. GLIHA

    PLAINTIFFS

Case No. <u>6:11-cv-469-Orl-18DAB</u>

-v-

KAREN J. WONSETLER AND/OR KAREN
WONSETLER, P.A. AND/OR DANIELLE
RIGGIN AND/OR ASIMA M. AZAM AND/OR
BRISTOL ESTATES AT TIMBER SPRINGS
HOMEOWNERS ASSOCIATION, INC. AND/OR
KEVIN M. DAVIS AND/OR COMMUNITY
MANAGEMENT SPECIALISTS, INC./AND/OR
BRANCH BANKING AND TRUST COMPANY,
INC. AND/OR MORTGAGE FORECLOSURE
DIVISION A AND/OR UNKNOWN INDIVIDUALS
A/K/A "SENIOR JUDGE"(1-20) ASSOCIATED
WITH MORTGAGE FORECLOSURE DIVISION
A AND/OR MORTGAGE FORECLOSURE
DIVISION B AND/OR UNKNOWN INDIVIDUALS
A/K/A "SENIOR JUDGE" (1-20) ASSOCIATED
WITH MORTGAGE FORECLOSURE DIVISION
B AND/OR RICK MILLER AND/OR JOHN
HARMON AND/OR EQUIFAX, INC.

    DEFENDANTS

_____/

## NOTICE OF AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT
## COLLECTION PRACTICES ACT AND FAIR CREDIT REPORTING ACT

    Plaintiffs John Gliha and John C. Gliha, hereby give notice of their amended
complaint for violations of the Fair Debt Collection Practices Act and the Fair Credit
Reporting Act.

Dated this 26th day of April 2011.

_____
John Gliha, Plaintiff

*John C. Gliha*

John C. Gliha, Plaintiff
16236 Bristol Lake Circle
Orlando, Florida  32828



# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

## ORLANDO DIVISION

JOHN GLIHA AND/OR JOHN C. GLIHA

     PLAINTIFFS

                             Case No. 6:11-cv-469-Orl-18DAB

-v-

KAREN J. WONSETLER AND/OR KAREN
WONSETLER, P.A. AND/OR DANIELLE
RIGGIN AND/OR ASIMA M. AZAM AND/OR
BRISTOL ESTATES AT TIMBER SPRINGS
HOMEOWNERS ASSOCIATION, INC. AND/OR
KEVIN M. DAVIS AND/OR COMMUNITY
MANAGEMENT SPECIALISTS, INC. AND/OR
BRANCH BANKING AND TRUST COMPANY,
INC. AND/OR MORTGAGE FORECLOSURE
DIVISION A AND/OR UNKNOWN INDIVIDUALS
A/K/A "SENIOR JUDGE"(1-20) ASSOCIATED
WITH MORTGAGE FORECLOSURE DIVISION
A AND/OR MORTGAGE FORECLOSURE
DIVISION B AND/OR UNKNOWN INDIVIDUALS
A/K/A "SENIOR JUDGE" (1-20) ASSOCIATED
WITH MORTGAGE FORECLOSURE DIVISION
B AND/OR RICK MILLER AND/OR JOHN
HARMON AND/OR EQUIFAX, INC.

     DEFENDANTS

_____/

## AMENDED COMPLAINT FOR VIOLATIONS OF THE

## FAIR DEBT COLLECTION PRACTICES ACT

    1.   Plaintiffs John Gliha and John C. Gliha, hereby sue Defendants, Karen J.
Wonsetler, Karen Wonsetler, P.A., Danielle Riggin, Asima M. Azam, Bristol Estates at
Timber Springs Homeowners Association, Inc., Kevin M. Davis and Community
Management Specialists, Inc. and allege:

### PRELIMINARY STATEMENT

    2.   This is an action for damages brought for violations of the Fair Debt Collection
Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*

## JURISDICTION AND VENUE

3.  The jurisdiction of this Court is conferred by 15 U.S.C. §1692k.  The court has supplemental jurisdiction over state law claims.

4.  Venue is proper in this District pursuant to 28 U.S.C. §1391b.

5.  This is an action for damages which do not exceed $75,000.00.

6.  Plaintiffs John Gliha and John C. Gliha are each a natural person and a resident of the State of Florida.

7.  Defendants, Karen Wonsetler, P.A., Bristol Estates at Timber Springs Homeowners Association, Inc. and Community Management Specialists, Inc. are Florida associations or corporations resident in the State of Florida and doing business in the State of Florida.

8.  On information and belief, Defendants, Asima M. Azam, Karen J. Wonsetler, Kevin M. Davis and Danielle Riggin are residents of the State of Florida.

9.  All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

10.  In July of 2010, Defendants Asima M. Azam, Kevin Davis and Bristol Estates at Timber Springs Homeowners Association, Inc. were involved in an attempt to collect a debt against the plaintiff and filed a "Claim of Lien" in Orange County, Florida.

11.  This collection action resulted from the defendants deliberate refusal to accept dues payments from the plaintiffs and their refusal to communicate with the plaintiff to resolve the matter.

12.  These same defendants also sent collection letters to the plaintiffs in an attempt to collect this purported debt.

13.  In December of 2010, the plaintiff were served with a summons and complaint in a continued attempt to collect this purported debt and in response the plaintiffs sent a notice of dispute to each party.  A copy of which is attached.

14.  A second notice of dispute was sent in March of 2011.

15. Both notices of dispute were ignored.

16. Plaintiffs contend that the illegal actions of Defendants Karen J. Wonsetler, Karen Wonsetler, P.A., Danielle Riggin, Asima M. Azam, Bristol Estates at Timber Springs Homeowners Association, Inc., Kevin M. Davis and Community Management Specialists, Inc. have harmed the Plaintiffs, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

**COUNT I**

**VIOLATION OF FAIR DEBT COLLECTION**

**PRACTICES ACT (FDCPA), 15 U.S.C. §1692**

17. Paragraphs 1 through 16 are re-alleged and more fully set forth herein.

18. Plaintiffs are each a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

19. Defendants Karen J. Wonsetler, Karen Wonsetler, P.A., Danielle Riggin, Asima M. Azam, Bristol Estates at Timber Springs Homeowners Association, Inc., Kevin M. Davis and Community Management Specialists, Inc. are each a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

20. Defendants Karen J. Wonsetler, Karen Wonsetler, P.A., Danielle Riggin, Asima M. Azam, Bristol Estates at Timber Springs Homeowners Association, Inc., Kevin M. Davis and Community Management Specialists, Inc. violated the Fair Debt Collection Practices Act. Defendants' violations include, but are not limited to, the following:

21. Defendants violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

22. Defendants violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

23. Defendants Karen J. Wonsetler, Karen Wonsetler, P.A., Danielle Riggin, Asima M. Azam, Bristol Estates at Timber Springs Homeowners Association, Inc., Kevin

M. Davis and Community Management Specialists, Inc. violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

24.   Defendants   Karen J. Wonsetler, Karen Wonsetler, P.A., Danielle Riggin, Asima M. Azam, Bristol Estates at Timber Springs Homeowners Association, Inc., Kevin M. Davis and Community Management Specialists, Inc. violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

25.   Defendants violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

26.   Defendants violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

27.   WHEREFORE   Plaintiffs   demand   judgment   for   damages   against Defendant Capital One Services for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COMPLAINT FOR VIOLATIONS OF THE FAIR

## DEBT COLLECTION PRACTICES ACT

28. Plaintiffs John Gliha and John C. Gliha, hereby sue Defendants, Branch Banking and Trust Company, Inc., Mortgage Foreclosure Division A, Unknown individuals a/k/a "Senior Judge" (1-20) associated with Mortgage Foreclosure Division A, Mortgage Foreclosure Division B, Unknown individuals a/k/a "Senior Judge" (1-20) associated with Mortgage Foreclosure Division B, Rick Miller and John Harmon and allege:

## PRELIMINARY STATEMENT

29. This is an action for damages brought for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*

## JURISDICTION AND VENUE

30. The jurisdiction of this Court is conferred by 15 U.S.C. §1692k. The court has supplemental jurisdiction over state law claims.

31. Venue is proper in this District pursuant to 28 U.S.C. §1391b.

32. This is an action for damages which do not exceed $75,000.00.

33. Plaintiffs John Gliha and John C. Gliha are each a natural person and a resident of the State of Florida.

34. Defendants, Branch Banking and Trust Company, Inc., Mortgage Foreclosure Division A, and Mortgage Foreclosure Division B are Florida associations or corporations resident in the State of Florida and doing business in the State of Florida.

35. On information and belief, Defendants, Unknown individuals a/k/a "Senior Judge" (1-20) associated with Mortgage Foreclosure Division A, Unknown individuals a/k/a "Senior Judge" (1-20) associated with Mortgage Foreclosure Division B, Rick Miller and John Harmon are residents of the State of Florida.

36. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

37. As early as June of 2010 defendants were involved in an attempt to collect a debt against the plaintiffs which included hearings in the circuit court in forums before defendants calling themselves "Senior Judges" and with individuals representing themselves as attorneys acting in behalf of Defendant Branch Banking & Trust Company, Inc. to produce two witnesses in person, in Orlando to give their depositions and they and their attorneys refused but continued making false statements in the collection process and even attempted to obtain summary judgment with the aid of one of the "senior judges".

38.    These individuals calling themselves "senior judges" are involved in committing class 3 felonies by impersonating the office of a circuit court judge and proceeding to hold private hearings in the Circuit Court House in Orange County. These hearings are not open to the public and the court is never called into session at any time.

39. These collection attempts involve the fabrication of documents and false statements made by the defendants.

40. The defendants have sent collection letters titled as "motions" and other notices through the circuit court system and in the mail in an attempt to collect a purported debt.

41. Plaintiffs have disputed the purported debt at various times, true and correct copies of such written disputes are attached.

42. These notices of dispute were ignored.

Circuit Court Judge Thomas B. Smith ordered the defendants Branch Banking & Trust Company, Inc. to appear in person, in Orlando to

43.    These so-called hearings are conducted by defendants calling themselves "Senior Judge" yet these are not duly elected judges of the circuit court.   These hearings are not open to the public and no court is ever called into session.  These so-called "senior judges" are private citizens receiving compensation from public funds for committing class 3 felonies by impersonating judicial offices while assisting the other defendants in collecting non-existent debts.

44.  Plaintiffs contend that the illegal actions of Defendants Branch Banking and Trust Company, Inc., Mortgage Foreclosure Division A, Unknown individuals a/k/a "Senior Judge" (1-20) associated with Mortgage Foreclosure Division A, Mortgage Foreclosure Division B, Unknown individuals a/k/a "Senior Judge" (1-20) associated with Mortgage Foreclosure Division B, Rick Miller and John Harmon have harmed the Plaintiffs, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

## COUNT II

## VIOLATION OF FAIR DEBT COLLECTION

## PRACTICES ACT (FDCPA), 15 U.S.C. §1692

45.  Paragraphs 28 through 44 are re-alleged and more fully set forth herein.

46.  Plaintiffs are each a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

47.  Defendants Branch Banking and Trust Company, Inc., Mortgage Foreclosure Division A, Unknown individuals a/k/a "Senior Judge" (1-20) associated with Mortgage Foreclosure Division A, Mortgage Foreclosure Division B, Unknown individuals a/k/a "Senior Judge" (1-20) associated with Mortgage Foreclosure Division B, Rick Miller and John Harmon are each a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

48.  Defendants Branch Banking and Trust Company, Inc., Mortgage Foreclosure Division A, Unknown individuals a/k/a "Senior Judge" (1-20) associated with Mortgage Foreclosure Division A, Mortgage Foreclosure Division B, Unknown individuals a/k/a "Senior Judge" (1-20) associated with Mortgage Foreclosure Division B, Rick Miller and John Harmon violated the Fair Debt Collection Practices Act.  Defendants' violations include, but are not limited to, the following:

49.  Defendants violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

50. Defendants violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

51. Defendants Branch Banking and Trust Company, Inc., Mortgage Foreclosure Division A, Unknown individuals a/k/a "Senior Judge" (1-20) associated with Mortgage Foreclosure Division A, Mortgage Foreclosure Division B, Unknown individuals a/k/a "Senior Judge" (1-20) associated with Mortgage Foreclosure Division B, Rick Miller and John Harmon violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

52. Defendants Branch Banking and Trust Company, Inc., Mortgage Foreclosure Division A, Unknown individuals a/k/a "Senior Judge" (1-20) associated with Mortgage Foreclosure Division A, Mortgage Foreclosure Division B, Unknown individuals a/k/a "Senior Judge" (1-20) associated with Mortgage Foreclosure Division B, Rick Miller and John Harmon violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

53. Defendants violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

54. Defendants violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment

will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

55.   WHEREFORE Plaintiffs demand judgment for damages against Defendant Capital One Services for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT III

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## WILLFUL NON-COMPLIANCE BY DEFENDANTS AT&T AND EQUIFAX

56.   Plaintiff John C. Gliha sues Defendants Branch Banking and Trust Company, Inc. and Equifax, Inc. for violations of the Fair Credit Reporting Act as detailed herein.

57.   Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

58.   Defendant is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

59.   Defendant Equifax, Inc. consumer reporting agencies as defined in   15 U.S.C. §1681(f), regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681(a)(b), to third parties for monetary compensation.

60.   Defendants willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) Defendant Branch Banking and Trust Company, Inc. willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.

(b) Defendant Equifax willfully violated 15 U.S.C. §1681b by furnishing Plaintiff's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against defendants for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

### DEMAND FOR JURY TRIAL

61.  Plaintiffs hereby demand a trial by jury of all issues so triable as a matter of law.

Dated this 26th day of April 2011.

_____
John Gliha, Plaintiff

*John C. Gliha*

John C. Gliha, Plaintiff
16236 Bristol Lake Circle
Orlando, Florida  32828

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## ORLANDO DIVISION

JOHN GLIHA AND/OR JOHN C. GLIHA

     PLAINTIFFS

                        Case No. <u>6:11-cv-469-Orl-18DAB</u>

-v-

KAREN J. WONSETLER AND/OR KAREN
WONSETLER, P.A. AND/OR DANIELLE
RIGGIN AND/OR ASIMA M. AZAM AND/OR
BRISTOL ESTATES AT TIMBER SPRINGS
HOMEOWNERS ASSOCIATION, INC. AND/OR
KEVIN M. DAVIS AND/OR COMMUNITY
MANAGEMENT SPECIALISTS, INC. AND/OR
BRANCH BANKING AND TRUST COMPANY,
INC. AND/OR MORTGAGE FORECLOSURE
DIVISION A AND/OR UNKNOWN INDIVIDUALS
A/K/A "SENIOR JUDGE"(1-20) ASSOCIATED
WITH MORTGAGE FORECLOSURE DIVISION
A AND/OR MORTGAGE FORECLOSURE
DIVISION B AND/OR UNKNOWN INDIVIDUALS
A/K/A "SENIOR JUDGE" (1-20) ASSOCIATED
WITH MORTGAGE FORECLOSURE DIVISION
B AND/OR RICK MILLER AND/OR JOHN
HARMON AND/OR EQUIFAX, INC.

     DEFENDANTS

_____/

## CERTIFICATE OF SERVICE

    I John Gliha hereby certify that a true and correct copy of the foregoing was filed via first class mail with the U.S. District Court for the Middle District of Florida and also served upon the following list of parties via first class mail,

Karen Wonsetler dba Karen Wonsetler P.A.
860 N Orange Ave, Suite 135
Orlando, Florida  32801

Danielle Riggin
860 N Orange Ave, Suite 135
Orlando, Florida  32801

Asima Azam
24 South Orange Avenue, Suite 203
Orlando, Florida  32802



Bristol Estates at Timber Springs Homeowners Association, Inc.
Registered Agent, Kevin Davis
1750 W Broadway ST, Suite 220
Oviedo, Florida  32765

Community Management Specialists, Inc.
Registered Agent, Kevin Davis
1750 W Broadway ST, Suite 220
Oviedo, Florida  32765

Mortgage Foreclosure Divisions A & B
Chief Judge Perry and all "Senior Judges"
425 N. Orange AV
Orlando, Florida 32801

On this 29 day of April 2011.

By: