# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JOHN GLIHA AND/OR JOHN C. GLIHA
    PLAINTIFFS

Case No. <u>6:11-cv-469-Orl-35DAB</u>

-v-

KAREN J. WONSETLER AND/OR KAREN WONSETLER, P.A. AND/OR DANIELLE RIGGIN AND/OR ASIMA M. AZAM AND/OR BRISTOL ESTATES AT TIMBER SPRINGS HOMEOWNERS ASSOCIATION, INC. AND/OR KEVIN M. DAVIS AND/OR COMMUNITY MANAGEMENT SPECIALISTS, INC. AND/OR BRANCH BANKING AND TRUST COMPANY, INC. AND/OR MORTGAGE FORECLOSURE DIVISION A AND/OR UNKNOWN INDIVIDUALS A/K/A "SENIOR JUDGE"(1-20) ASSOCIATED WITH MORTGAGE FORECLOSURE DIVISION A AND/OR MORTGAGE FORECLOSURE DIVISION B AND/OR UNKNOWN INDIVIDUALS A/K/A "SENIOR JUDGE" (1-20) ASSOCIATED WITH MORTGAGE FORECLOSURE DIVISION B AND/OR RICK MILLER AND/OR JOHN HARMON AND/OR EQUIFAX, INC.
    DEFENDANTS
_____/



## NOTICE OF INITIAL DISCLOSURES

The plaintiffs hereby give notice of their initial disclosures as required by Rule 26.1 of the Federal Rules of Civil Procedure.

Initial Disclosures.

The factual background of this complaint includes 1) after ignoring plaintiff's notice of dispute, defendants are attempting to collect a purported debt when payment for such claims was refused prior to any default, and 2) plaintiffs were overcharged for the principal amount of that claimed in the defendants' collection attempts, and 3) defendants are seeking to collect attorney fees which have not been imposed or collected against the co-defendant clients.

The name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information:

"HOA" means "Homeowners Association" as used herein.

Dhafer Jouini, HOA Board of Directors
16109 Bristol Lake Circle
Orlando, Florida  32828

David Willis, HOA Board of Directors
16326 Bristol Lake Circle
Orlando, Florida  32828

Ori Ben-Amotz, HOA Board of Directors
16412 Bristol Lake Circle
Orlando, Florida  32828

Shawn Mack
16048 Bristol Lake Circle
Orlando, Florida  32828

Kevn M. Davis, owner of former HOA Management Company
1750 W. Broadway ST #220
Oviedo, Florida  32765

Bristol Estates at Timber Springs Homeowners Association, Inc.
2180 West SR 434, Suite 5000
Longwood, FL 32779

Karen Wonsetler
860 N. Orange AV, Suite 135
Orlando, Florida  32801

Danielle Riggin
860 N. Orange AV, Suite 135
Orlando, Florida  32801

Copies of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment are attached to this statement.

A computation of each category of damages claimed by the plaintiffs is fully set forth here:

The purported unpaid dues from a 2009 fourth quarter assessment (October, November, December 2009) are set forth under a Declaration of Covenant (, Articles of Organization and By-Laws (Exhibit A) as regulated under Chapter 720 of the Florida Statutes,

the language of which specifically reads:

Chapter 720.303(2)(c)(2), Florida Statutes

> *"2. An assessment may not be levied at a board meeting unless the notice of the meeting includes a statement that assessments will be considered and the nature of the assessments. Written notice of any meeting at which special assessments will be considered or at which amendments to rules regarding parcel use will be considered must be mailed, delivered, or electronically transmitted to the members and parcel owners and posted conspicuously on the property or broadcast on closed-circuit cable television not less than 14 days before the meeting."*

40. The board made no notice of such a meeting. The principle amount of the claim is 3 x $209.58 or $628.74, or quarterly dues equal to $209.58. Prior to January 1, 2009, the quarterly dues payments were $142.72 and this amount was properly assessed by the developer of the community before turning it over to the homeowners.

The amount billed, including the principle amount sought by the defendants is overstated by $66.86 and subject to set-off under the terms of the Declaration of Covenant because it was not properly assessed as required under Chapter 720. The fees and penalties include in the claim of lien are subject to set off because the defendant's own actions of refusing to accept previous dues payments lead to this dispute. The amount was simply noticed in the billing statements as in increase over the developer's previously and properly assessed amount.

Additionally, the defendants are subject to statutory penalties of $1,000 plus actual damages which are estimated at $280,000 from a comparative market analysis.

These proceedings are not exempt from Initial Disclosure.

Dated this 22nd day of August, 2011.

John Gliha, Plaintiff

John C. Gliha, Plaintiff
16236 Bristol Lake Circle
Orlando, Florida 32828
404-477-4319

## CERTIFICATE OF SERVICE

I John Gliha HEREBY CERTIFY that on August 22nd 2011 I filed the foregoing with the Clerk of Court via first class mail and on the same date did serve upon all attorneys and interested parties via first class mail a true and correct copy of the foregoing.

By: /s/